DANIEL H. LOVEJOY *vs.* MIDDLESEX RAILROAD COMPANY.

Suffolk.    March 22. — 23, 1880.    AMES & LORD, JJ., absent.

A person, who witnessed an accident on a street railway, was asked, by an agent employed by the superintendent of the railway corporation, to look up the case, to give a statement of what he knew. He replied that he must first go to the place of the accident and verify the facts, and the agent said "all right." The statement was made and was used by the corporation, and the superintendent agreed that his bill should be paid. In an action against the corporation for his services in going to the place of the accident and in making the statement, the defendant requested the judge to rule that the agent had no authority to employ the plaintiff; and that, if the plaintiff knew that there was no necessity for him to go to the place of the accident, in order to make his statement, he could not recover. The judge declined to give this ruling, left the question of the agent's authority to the jury, and instructed the jury that, if the plaintiff was authorized to go to the place of the accident, and honestly believed at the time that it was necessary to go there, in order to make a correct statement, he could recover, although, in fact, it was not actually necessary. *Held*, that the defendant's exceptions to the rulings given, and to the refusal to rule as requested, must be overruled, with double costs.

CONTRACT for work and labor. Trial in the Superior Court, before *Putnam*, J., who allowed a bill of exceptions in substance as follows:

The plaintiff, who was a physician, was a witness of a part of the circumstances of an accident on the defendant's railroad at Malden, by which a person was injured, and to whom the plaintiff rendered some services, though not at the request of any officer of the defendant; and he did not claim in this action any compensation for such services. Samuel Green, the foreman of the defendant's stables in Malden, was directed by the superintendent to look up the case. The superintendent testified that Green had general authority to find out anybody who had witnessed an accident, and to get from him information upon the subject; and that he directed Green to look up this particular case, and Green was discharging his duties to the defendant when he went to the plaintiff as hereinafter stated. Under these instructions, Green went to several witnesses of the accident, among them the plaintiff, and asked them to give him a statement of what they knew about it. The plaintiff testified that Green asked him to give a statement of all he knew about the case; that he told Green, that, in order to give the statement asked for, it would be necessary for him to go to Malden to verify his facts; that Green said, "All right, I will call in the afternoon for the statement;" that the plaintiff went to Malden and talked with a person who was looking out of a window with him at the time of the accident and witnessed it with him, and then came home, wrote a statement, directed it to the defendant, and it was called for and taken away by some person connected with the railroad; and that he then brought this action for his services in going to Malden and writing said statement. A collector, whom the plaintiff sent with his bill to the superintendent, testified that the latter looked at it and said it was all right, and that, if he would call again, the bill should be paid; which the superintendent denied. The statement was received by the defendant, and remained in its possession until produced at the trial, and was used with others by the defendant in adjusting the claim made upon it by the representatives of the person killed by the accident. There was no other evidence of the plaintiff's employment. Green denied that he said anything to the plaintiff about going to Malden; and testified that he did not employ him in any way to do so, but simply asked him to give a statement of what he knew about the case.

The defendant asked the judge to instruct the jury, that if, upon the request for a statement, the plaintiff said that it was necessary for him to go to Malden in order to make the statement, and the jury should believe that it was not necessary for him to go to Malden, and from all the circumstances and what he did in Malden the jury should believe such visit was not necessary or reasonable, then the plaintiff could not recover. The judge refused to give this instruction, and instructed the jury, that if they believed that the plaintiff, when he said he must go to Malden before he made his statement, knew that there was no necessity for him to go there to make his statement, he could not recover; but if they found that he was authorized to go, and that he honestly believed at the time that it was essential that he should do so in order to make a correct statement, then he could recover a reasonable price for his services, although the jury might now believe, under the evidence as it appeared at the trial, that it was not, in fact, actually necessary that he should have gone. The defendant also contended, as matter of law, that Green had no authority to employ any one, or to render the defendant liable for anything in regard to the matter. The judge ruled that it was a question for the jury, and submitted it to them, under instructions not otherwise objected to; and the defendant alleged exceptions to the rulings given and to the refusals to rule as requested.

*L. M. Child*, for the defendant.

*W. P. Wilson*, for the plaintiff, moved for double costs.

THE COURT held the exceptions to be frivolous, and there-
**fore**                    *Overruled them, with double costs.*